# SUPERIOR COURT
### No. 776
### CHILTON CO. v. KEELER & HALL CO.
Superior Court of Cincinnati

No. 59090. Decided June 30, 1925

**297. CONTRACTS—Clause in, requiring 30 days prior notice of cancellation of publication advertisement, is reasonable and valid.**

MARX, J.

The Paramount Distributing Co. contracted with the Chilton Co. to publish certain advertisements in its various publications. The Distributing Co. subsequently engaged the Keeler & Hall Co. to handle its advertising, to which bills were directed to be sent and advance proofs for checking, etc. The Keeler & Hall Co. assumed the contracts originally placed with the Distributing Co. with the exception of an agreement for a retail list service which was not signed by it.

The advertisements were run in accordance with contract in the June and July issues of one publication and in the July issue of another. The Distributing Co. became involved in financial difficulties and on July 21, 1923 the defendant wired the Chilton Co. to hold the August insertion of the advertisement. The telegram was received according to the evidence, after the office was closed, and a confirming letter was received July 25, 1923. The advertisement was consequently inserted in the August issue for which insertion the Keeler & Hall Co. refused to pay. The Chilton Co. recognized the cancellation for the remaining nine issues of the one publication and the three remaining of the other.

The Chilton Co. brought its action in the Cincinnati Superior Court, seeking to recover $330 for the August insertion in the publication and $250 for advertisement in the directory and for the retail list service. The Court held:

1. The claims of the Keeler & Hall Co. that it should not be made to pay for the August insertion because it was cancelled prior to the publication, and because it acted as an agent in handling the advertising, are not tenable.

2. By contract and letter the Keeler & Hall Co. assumed the contract originally placed with the Distributing Co.

3. The attempted cancellation was too late under the contract which provided that thirty days notice should be given under those circumstances.

4. The contract for the retail list service

was not assumed by the defendant and it is not liable for it.

5. The clause requiring 30 days notice is not unreasonable, since in publishing a magazine to appear on the first of the month it is entirely reasonable to require cancellation 30 days prior thereto.

6. Judgment entered for Chilton Co. in all excepting the claim for the contract price of the retail list service, because it was not signed as were the other contracts.

Attorneys—Dickerson, Kittering & Dickerson for Chilton Co.; Burch and Peters for Keeler & Hall Co.; all of Cincinnati.